## DECLARATION IN SUPPORT OF COMPLAINT FOR FORFEITURE

Under 28 U.S.C. § 1746, I, Brittany L. Deichmann, a Special Agent with the United States Federal Bureau of Investigation ("FBI"), make the following unsworn declaration, under the penalty of perjury:

### I.  Background

1. I have been employed as a Special Agent ("SA") with the FBI since 2017. Prior to service with FBI, I was employed as an Occupational Safety and Health Specialist with the Army Corps of Engineers. I am a graduate of the 2017-01 FBI Special Agent Training class. I am a 2016 graduate of Delta State University with a Master's degree in Business Administration with a concentration with Human Resources.

2. As an FBI Special Agent, I am empowered to investigate violations of federal laws regarding. During my tenure with FBI, I have been involved in various capacities with numerous investigations involving armed robbery, bank robbery, homicide, assault on a federal officer, convicted Felon in Possession of a Firearm, Kidnapping, Carjackings, and Violent Crimes against Children. In connection with my duties as an FBI Special Agent, I have also testified in judicial proceedings for violations of laws regulating firearms, codified at 18 U.S.C. §§ 921-931.

3. I am personally involved in this investigation. In addition to my personal knowledge, the statements contained in this declaration are based in part on information provided by other federal, state, and/or local law enforcement personnel, including written investigative reports, records maintained by the National Crime Information Center and local law enforcement agencies, and my training and experience and the experience of other law enforcement officers.

4. The excerpts and descriptions provided below may not constitute the entire investigation but contain only the information that I reasonably believe is relevant to establish that the named property is subject is subject to civil seizure and forfeiture.

5. The information contained in this declaration is provided for the limited purpose of establishing the basis for civil seizure and forfeiture of the named property. As discussed below, I submit there is a reasonable belief, as required by Rule G(2)(f) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, that the United States will meet its burden of proof at trial that the Defendant Property (firearms and ammunition) was knowingly possessed by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and said firearm was in and affecting interstate and foreign commerce. Consequently, there is a reasonable belief that the Defendant Property is subject to forfeiture under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461.

**EXHIBIT A**

**II.     Items to be forfeited by the United States of America**

6.     The United States is seeking the civil forfeiture of the following miscellaneous weapons and ammunition (hereafter referred to collectively as the "**Defendant Property**"):

| Asset ID Number | Asset Description |
| --- | --- |
| 21-FBI-007766-01 | One (1) Ruger Rifle, Model: 10/22, CAL: .22, Serial No. 255-43253, with Magazine, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi |
| 21-FBI-007766-02 | Ten (10) Rounds of Ammunition, CAL: .22, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi |
| 21-FBI-007766-03 | One (1) Ruger Revolver, Model: New Model Super Blackhawk, CAL: .44, Serial No. 82-30678, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi |
| 21-FBI-007766-04 | Miscellaneous Ammunition and Magazines, to wit:<br>Five (5) Rounds of Ammunition, CAL: .44, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi;<br>Multiple Rounds of Ammunition, CAL: 9mm, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi;<br>Thirteen (13) Rounds of Ammunition, CAL: .357, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi;<br>One (1) Rifle Magazine, loaded with multiple Rounds of Ammunition, CAL: Unknown, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi;<br>1 Box of Winchester Ammunition, CAL: .22, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi;<br>1 Box of Winchester Ammunition, CAL: .357, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi;<br>1 Box of Federal Eagle Ammunition, 5.56 x 45mm, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi;<br>1 Box of PMC Bronze 44 Remington Magnum Ammunition, CAL: .44, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi;<br>1 Box of Sig Sauer Elite Performance Ammunition, 38 SPL, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi;<br>1 Box of PMC X-Tax Ammunition, CAL: 5.56mm, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi;<br>1 Box of Ammunition, CAL: 7.62 x 39, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi;<br>Twenty-five (25) Rounds of Ammunition, CAL: .45, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi;<br>One (1) 20-Gauge Shotgun Shell, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi;<br>Two (2) Rounds of Ammunition, CAL: .270, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi; |

**EXHIBIT A**

| |
|---|
| Four (4) Rounds of Ammunition, CAL: 7.62mm seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi; |
| One (1) Round of PSD 20 Ammunition, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi; |
| One (1) Round of Ammunition, CAL: .357, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi; |
| One (1) Round of Ammunition, CAL: .38 special, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi; |
| Nine (9) Rounds of Ammunition, CAL: 9mm, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi; |
| Ten (10) Rounds of Auto Ammunition, CAL: .32, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi; |
| 1 Box of Blazer Ammunition, CAL: 9mm, seized on June 28, 2021, from StorageMax Unit #5042, Jackson, Mississippi; |
| Four (4) Rounds of REM Ammunition, CAL: .223, seized on June 29, 2021, from 2003 GMC Yukon; |
| One (1) Round of S&W Ammunition, CAL: .40, seized on June 29, 2021, from 2003 GMC Yukon; |
| One (1) Round of Luger Ammunition, CAL: 9mm, seized on June 29, 2021, from 2003 GMC Yukon; |
| Nine (9) Rounds of Ammunition, CAL: .223, seized on June 29, 2021, from 2003 GMC Yukon; |
| One (1) Round of Ammunition, CAL: 9mm, seized on June 29, 2021, from 2003 GMC Yukon; |
| One (1) Round of Ammunition, CAL: 10mm, seized on June 29, 2021, from 2003 GMC Yukon; |
| One (1) Round of S&W Ammunition, CAL: .40, seized on June 29, 2021, from 2003 GMC Yukon; |
| One (1) Silver Magazine, XD Series, .45 ACP (empty), seized on June 29, 2021, from 2003 GMC Yukon; and |
| Three (3) Rounds of Ammunition, CAL: .357, seized on June 29, 2021, from 2003 GMC Yukon |

The **Defendant Property** was seized pursuant to a federal warrant.

### III.   Facts and Circumstances

7.   On June 26, 2021, at Jackson Police Department ("JPD") Detective Warren Hull was assisting a traffic stop near Newman Avenue when he heard multiple gunshots in the distance. Detective Hull and FBI Special Agent T.A., who had been assisting JPD, proceeded in separate vehicles—both equipped with emergency blue lights—in the direction of the gunshots.

8.   As Detective Hull neared the area where he believed the gunshots occurred, he observed a dark-colored GMC Yukon traveling at a high rate of speed cross in front of him, going north on Bailey Avenue. Detective Hull caught up to the Yukon and activated his blue lights; SA T.A., following Detective Hull, had already activated his own blue lights and siren.



The Yukon continued through traffic signals, followed by Detective Hull and SA T.A. Near the intersection of El Paso Street and Oaklawn Drive, the Yukon slowed and a passenger jumped out, while the Yukon continued at a slower speed.

9. Detective Hull and SA T.A. both stopped, and SA T.A. moved to secure the passenger on the ground, while Detective Hull got back in his vehicle. As Detective Hull was about to continue following, the driver exited the Yukon and fired numerous shots in the direction of the JPD and FBI vehicles. The driver fled the area in the Yukon; although Detective Hull proceeded on foot, he could not locate the Yukon.

10. Detective Hull returned to the passenger and SA T.A. who stated that he thought he had been hit. SA T.A. was transported by ambulance to University of Mississippi Medical Center, where he was treated and released.

11. On June 27, 2021, FBI agents interviewed Keeunta Cotton, who stated that he had been with his brother, Demario Cotton, the previous evening. Keeunta stated that Demario had fired off numerous rounds into the air from a rifle near Livingston Street in Jackson. One witness that had been with them got out of the vehicle and walked away. Keeunta stated that when law enforcement began to pursue them, Demario stated that he would shoot at the police; when Keeunta realized he could not prevent his brother from shooting, he jumped out of the SUV and lay on the ground. Keeunta heard Demario shoot multiple times while he was laying on the ground.

12. FBI agents located Demario's 2003 GMC Yukon and a storage unit he had rented at StorageMax in Jackson. On June 28 and June 29, 2022, agents obtained and executed search warrants for the vehicle and storage unit. The firearms and ammunition seized are held at the FBI Jackson Headquarters Evidence Room, located at 1220 Echelon Parkway, Jackson, MS. ETRACE reports conducted on the 2 firearms recovered both traced back to persons other than Demario.

13. On June 30, 2021, FBI agents received information that Demario Cotton was near Tri-State Brick & Tile located on Forest Avenue in Jackson. FBI agents observed Cotton in the Parkway Avenue area of Jackson and he was arrested without incident. FBI agents interviewed Demario on June 30, 2021, and after waiving his Miranda rights, Demario admitted to fleeing from law enforcement vehicles and to firing in the direction of the law enforcement vehicles after he slowed down to let his brother out of the vehicle. Demario stated that he thought if he fired at law enforcement, they would quit pursuing him. Demario then stated he left the area leaving his brother behind. After learning law enforcement were looking for him, Demario claimed he burned the rifle and left it on train tracks. The rifle used in the shooting was never recovered.

14. The JPD Crime Scene Report indicates that 26 spent shell casings were recovered from the area where the shooting at law enforcement occurred; the FBI recovered 24 rifle casings from the location where the witnesses stated Demario fired into the air. FBI analysis of the 50 spent casings identified them as 5.56mm shell casing manufactured in Turkey, all fired from the same weapon, which was described as a "Draco" type firearm by Demario Cotton and Keeunta



Cotton. Under 18 U.S.C. § 921(a)(17)(A), cartridge cases designed for use in any firearm are classified as ammunition.

15. On July 1, 2022, pursuant to a Plea Agreement and Plea Supplement, Demario Cotton pleaded guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. §§ 111(a)(1) and (b) (assaulting a federal law enforcement officer). *See United States v. Demario Lamar Cotton*, 3:21-cr-76-HTW-LGI, Indictment, ECF No. 11; Plea Agreement, ECF No. 45; Plea Supplement, ECF No. 46. Pursuant to the terms of his plea, Demario agreed

> to not oppose or contest the forfeiture of any property in a criminal or civil proceeding where such property has been seized and where there was the Defendant's involvement in criminal activity related to such property, regardless of the location of the assets and regardless of whom is in possession, custody or control of the assets.

Plea Supplement at 2.

16. On November 2, 2022, District Judge Henry T. Wingate sentenced Demario to 240 months of imprisonment, 3 years of supervised release, a fine of $1,500.00, and a special assessment fee of $100.00.

17. A review of Demario Cotton's criminal history reveals that he was a convicted felon, having most recently been convicted of receiving stolen property and sentenced to 10 years imprisonment in 2009. Cotton was paroled in less than two years, but his parole was revoked in 2014 when he violated the conditions of his parole release.

### IV. Conclusion

18. Based on the above information, I submit, as required by Rule G(2)(f) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, that Demario Cotton violated 18 U.S.C. § 922(g)(1) (Possession of a Firearm by a Convicted Felon), and that I have a reasonable belief that the United States can meet its burden of proof to establish that the seized property is subject to forfeiture under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

19. I declare, pursuant to 28 U.S.C. § 1746, that the foregoing is true and accurate to the best of my knowledge and belief.

DATE: January 30, 2023

Brittany L. Deichmann
Special Agent
Federal Bureau of Investigation

**EXHIBIT A**